**FILED**

August 19 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0752

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 227N

MARK FERGUSSON,

       Plaintiff and Appellant,

  v.

ADAM ESCH and SOURDOUGH
FIRE DEPARTMENT,

       Defendants and Appellees,

---

SOURDOUGH FIRE DEPARTMENT,

       Third-Party Plaintiff and Defendant,

  v.

MARK FERGUSSON on behalf of S.F., a Minor,

       Third-Party Defendant and Plaintiff.

---

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV-12-149BX
                Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

             Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

       For Appellees:

             Randall G. Nelson, Nelson Law Firm, P.C., Billings, Montana

       For Third Party Defendant Savannah Fergusson:

             Steve Reida, Landoe, Brown, Planalp & Reida, P.C., Bozeman, Montana

Submitted on Briefs: July 23, 2014
Decided: August 19, 2014

Filed:

_____
                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mark Fergusson appeals from the jury's verdict in favor of Adam Esch and the Sourdough Fire Department. We affirm.

¶3 This case arises from an August 11, 2011 motor vehicle accident. Fergusson was a passenger in his own vehicle being driven by his teenaged daughter who had obtained a learner's driving permit only shortly before. Esch was driving a utility truck from the Sourdough Fire Department and had been dispatched to respond to a motor vehicle accident. En route Esch got a message directing him to return to the station to pick up an additional firefighter. Esch activated the emergency lights on the truck and commenced to turn around on the road. Fergusson and his daughter approached and saw the truck with the flashing lights. Fergusson advised his daughter to slow down and then told her to "go around" the truck with the flashing emergency lights. When she followed her father's instructions she ran directly into the side of the Sourdough Fire Department truck.

¶4 Fergusson brought this action seeking damages. Sourdough brought a third-party claim against Fergusson "on behalf of" his minor daughter, seeking contribution or

indemnity if Sourdough were found liable. The case went to the jury on the second day of trial. The jury returned a verdict finding that Sourdough was not negligent and, following the directions on the verdict form, did not answer any other questions about the negligence of any other party.

¶5 Fergusson appeals, raising a number of issues. He contends that the District Court erred by not granting his motion for summary judgment on liability. He raises several procedural issues concerning the claim involving his minor daughter. He claims that the District Court erred by admitting the depositions of several witnesses. He claims that the District Court failed to properly instruct the jury on comparative fault.

¶6 Fergusson's motion for summary judgment was not supported by undisputed facts or applicable law. The District Court properly determined that summary judgment in Fergusson's favor was not warranted, and properly rejected his arguments that the fire vehicle with clear markings and flashing lights was not to be regarded as an emergency vehicle under Montana law. While Fergusson claims that his daughter was prejudiced by being named as a party and by being "surprised" by events in the case, those claims of prejudice are not reflected in the facts, and the jury did not assess any fault or liability to her. Significantly, Fergusson's minor daughter appears in this appeal through her own attorney. She contends that she was not prejudiced and does not request that the result below be reversed.

¶7 Fergusson contends that the District Court abused its discretion by admitting the testimony of the defense accident reconstruction expert because it contained a "comment on the credibility of one witness." The defense expert testified by deposition that his

4

engineering calculations could support either the defense or the plaintiff's accident "scenarios equally." Under questioning by Fergusson's attorney, he repeatedly disclaimed any intent to "point the finger" or to determine "who's telling the truth who's not telling the truth." He also stated, again under questioning by Fergusson's attorney, that if the jury believed the testimony of a third-party witnesses to the accident, then his engineering calculations would be "more closely associated with the [accident] scenario" offered by the defense, but again disclaimed any intent to endorse the credibility of any witness. The record does not support Fergusson's contention that the expert improperly promoted the testimony or credibility of another witness or that the District Court abused its discretion by allowing the testimony.

¶8 While Fergusson contends that the District Court failed to properly instruct the jury as to his fault in the case, the jury never reached that issue because it found that Sourdough was not negligent.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. We have reviewed the issues raised on appeal and find no error.

¶10 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE